IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| KEITH B. ARNDT, Trustee, Arndt Living Trust, Owner, | ) ) ) | No. 30776-0-III |
| Respondent, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| GREGORY WELCH, dba Custom Marble Granite Tile and All Others, occupants, | ) ) ) | |
| Appellant. | ) ) | |

KORSMO, C.J. — This is another appeal about attorney fees. The trial court

ordered respondent to pay reasonable attorney fees of $2,000 rather than the more than

$26,000 sought by appellant. As the trial court applied the proper standard in making its

award, we affirm that ruling and grant respondent its attorney fees in this appeal.

FACTS

Keith Arndt leased commercial property to Gregory Welch in Lyle, Washington.

Welch resided nearby in The Dalles, Oregon. He used the commercial property

exclusively for his business—Custom Marble, Granite, Tile and All Others. The parties

signed the lease on December 17, 2007. It contained a reciprocal attorney fee provision.

The first year of the lease passed without incident and was renewed for a second year at the end of December 2008. Mr. Welch was incarcerated by Oregon authorities in February 2009. Mr. Welch continued to make timely payments on the lease until April 2009, when his payment was late and received in segments between the 9th and the 20th. He did not make a payment in May 2009.

Mr. Arndt mailed to the property, in accordance with the terms of the lease, and also posted on the property a Notice to Terminate Lease on May 7, 2009. He also changed the locks on the property that day, ostensibly in order to protect Mr. Welch's property on the premises.[1] Heather White, an employee[2] who had made some of the 2009 rent payments on Mr. Welch's behalf, notified Mr. Welch of the notice.

Ms. White notified Thomas Nicolai that she could not complete work on his granite slabs because she could not access the property. Mr. Nicolai, an attorney in Portland, Oregon, owned the granite. After a telephone call had accomplished nothing, Mr. Nicolai wrote Mr. Arndt a letter on his firm's letterhead accusing him of conversion and telling Mr. Arndt to talk to an attorney. While these communications were taking

---

[1] Ms. Heather White allegedly told Mr. Arndt that she was using Mr. Welch's ATM card to pay bills because she was not a signer on the checking account; she also reportedly had transferred ownership of Mr. Welch's truck to her own name.

[2] While Mr. Welch described Ms. White as his business partner, she claimed only to be an employee and also identified herself as Mr. Welch's girl friend.

2

place, Mr. Arndt's counsel filed an eviction summons and complaint for unlawful detainer which were served on Mr. Welch at an Oregon correctional facility.

Julie Vance, counsel for Mr. Arndt, advised Mr. Nicolai that no one would be allowed access to the property without Mr. Welch's signed authorization. Mr. Welch signed an authorization on May 26, 2009, that gave Ms. White permission to remove Mr. Welch's belongings from the premises. However, Mr. Arndt refused to allow Ms. White on the premises.

Mr. Welch filed a handwritten response to the summons and complaint on June 1, 2009. The trial court directed Mr. Welch to appear on June 11 and show cause why a writ of restitution should not issue. Mr. Welch did not appear. The trial court entered a default judgment totaling $13,384 for the remainder of the rent owing and the costs to return the premises to its prior condition on July 23, 2009.

Upon learning of the default judgment, Mr. Welch gave Mr. Nicolai a limited power of attorney to pursue Welch's interests in the case. Mr. Nicolai associated with a local attorney, Mr. Rakow.[3] The sheriff levied on Mr. Welch's property in accordance with a writ of execution and appointed Mr. Arndt custodian of the property. A few days later, Mr. Arndt agreed to return Mr. Nicolai's granite slabs to him.

---

[3] Our record does not indicate whether Mr. Nicolai complied with APR 8(b), but as the parties do not address the issue, neither will we.

3

Counsel for Mr. Welch filed motions to set aside the default judgment, for leave to file an answer and counterclaim, and to dismiss the unlawful detainer on November 3, 2009; Mr. Arndt agreed to extend the sheriff's sale, then scheduled for November 20, for 30 days. Mr. Arndt filed a motion for voluntary non-suit under CR 41(a) on December 10, 2009, and the trial court signed the order the same day.[4] Appellant's motion for leave to file an answer was to be heard the following day. The sheriff returned the property on December 14.

Counsel for Mr. Welch filed a motion for compensatory terms January 6, 2010 and ultimately requested attorney fees slightly in excess of $26,000. The matter languished for some time, but ultimately was heard by the trial court on August 30, 2011. The court directed entry of an order setting attorney fees at $2,000 and expressly declined to award fees for the efforts made to establish the amount of the attorney fee. Mr. Welch filed a lengthy objection to the ruling, but it was overruled after hearing on March 14, 2012. The court entered its judgment for $2,000 that same day.

Mr. Welch timely appealed to this court.

---

[4] The record does not disclose the reason for the nonsuit, although it appears that there may have been errors in service of the proper notices. The lease also was set to expire at the end of the month.

4

No. 30776-0-III
Arndt v. Welch

## ANALYSIS

Mr. Welch challenges on several different theories the amount of the fees awarded him by the trial court. We address those claims as one before turning to the request by both parties that they be awarded their fees in this appeal.

*Fee Award in Trial Court*

Mr. Welch argues that the trial court erred in refusing to award attorney fees for the actions taken in 2010 to 2012 to recover fees, in considering Mr. Nicolai's non-Washington attorney status during most of the period he was working on the case, and in determining $2,000 was reasonable under the circumstances.[5] We believe these issues are one.

The lease agreement stated, in relevant part:

In case suit or action is instituted to enforce compliance with any of the terms, covenants or conditions of this lease, or to collect the rental which may become due hereunder, or any portion thereof, the losing party agrees to pay the prevailing party's reasonable attorney fees incurred throughout such proceeding, including at trial, on appeal, and for post-judgment collection.

Clerk's Papers (CP) at 107.

This court reviews a trial court's award of attorney fees for an abuse of discretion. *Mahler v. Szucs*, 135 Wn.2d 398, 435, 957 P.2d 632, 966 P.2d 305 (1998). Discretion is

---

[5] Mr. Nicolai became a member of the Washington State Bar Association on March 8, 2012, four days before the final hearing.

abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel.
Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971). In awarding attorney fees, the
trial court is expected to use the lodestar method and determine fees by multiplying a
reasonable hourly rate times the reasonable number of hours spent to achieve the result.
*Mahler*, 135 Wn.2d at 434.

Mr. Welch argues that the trial court erred by not explaining its action in denying
fees for the efforts made to establish the amount of the fees. However, Mr. Welch never
asked the court to explain why it was declining to award fees for that aspect of the case.
Very likely it declined to do so because Mr. Welch did not prevail in his effort to show
that $26,000 was a reasonable fee. Although he established his entitlement to a fee
award, he did not establish the reasonableness of his requested tally. Thus, neither party
was actually a prevailing party on this aspect of the case. *E.g., American Nursery Prods.,
Inc. v. Indian Wells Orchards*, 115 Wn.2d 217, 234-35, 797 P.2d 477 (1990) (no
prevailing party where both parties prevail on major issues). For both reasons, we see no
error.

Similarly, Mr. Nicolai's status as a non-Washington attorney during most of this
litigation is a non-issue. The court simply noted the fact in the context of its recitation of
Mr. Arndt's argument in opposition to the fee request, as well as the fact that Mr. Nicolai
had never appeared as counsel of record in the action nor sought admission *pro hac vice*.

6

Report of Proceedings (RP) at 23-24. It did not penalize Mr. Welch for using Oregon

counsel or otherwise suggest that Mr. Nicolai's time could not be reimbursed for that

reason.

Instead, the trial court simply adjudicated the *reasonableness* of the fee request as

it was required to do. The court entered finding of fact no. 6 that states that $200 per

hour was a reasonable rate for an attorney appearing in this action in Klickitat County.

CP at 305. The court also entered finding of fact no. 7 stating that 10 hours was a

reasonable amount of time to set aside the judgment. CP at 305. Appellant has not

assigned error to either of these findings. RAP 10.3(g). Unchallenged findings are

considered verities on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004);

*Smith v. Emp't Sec. Dep't*, 155 Wn. App. 24, 33, 226 P.3d 263 (2010). These

unchallenged findings dispose of this case.

It is arguable that because he assigned error to the reasonableness of the $2,000

award that we could still consider Mr. Welch's claim despite his failure to assign error to

the specific findings.[6] Exercising our discretion to do so, we still reach the same result.

Findings of fact will be upheld when they are supported by substantial evidence.

*Dorsey v. King County*, 51 Wn. App. 664, 668-69, 754 P.2d 1255 (1988). Substantial

---

[6] "The appellate court will only review a claimed error which is included in an assignment of error or clearly disclosed in the associated issue pertaining thereto." RAP 10.3(g) (final sentence).

7

evidence is that evidence which "would persuade a fair-minded person of the truth or correctness of the matter." *Smith*, 155 Wn. App. at 33. There was substantial evidence in the record to support the trial court's ruling.

Mr. Arndt presented an affidavit from Brad Mellotte, a Yakima attorney with 25 years of experience in real estate law. He explained that a reasonable amount of time to spend on investigating and acting to set aside the default judgment would be 10 hours. His average hourly rate would be $200. CP at 203-04. The trial court concurred in these two assessments. Mr. Mellotte's affidavit supported that determination. The evidence was sufficient.

Mr. Welch argues that the trial court erred in not considering the time his counsel spent looking into other aspects of the case and in seeking their fees. It was for the trial court to consider what was reasonable for the task at hand, which was the setting aside of the default judgment. Perhaps if Mr. Welch had successfully pursued his own action there would have been a basis for granting fees for some of the other work spent on defending this case. That did not happen and the trial court was not required to award fees for research into other potential avenues of relief for Mr. Welch.

The trial court correctly applied the lodestar formula in entering its fee award. There was a factual basis for its determination. Having applied the correct standard with

evidentiary support for its decision, the trial court had a tenable basis for its decision. There was no abuse of discretion.

*Fee Award on Appeal*

Both parties seek attorney fees on appeal in accordance with the lease agreement which, as noted previously, expressly permits fees on appeal. Mr. Welch did not prevail in this appeal; Mr. Arndt has prevailed.

Accordingly, Mr. Arndt is entitled to his reasonable fees in this court, subject to his compliance with RAP 18.1(d).

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, C.J.

WE CONCUR:

_____
Brown, J.

_____
Siddoway, J.

9